Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.*,[1]** | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**EMERGENCY MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE BY
PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES PURSUANT TO §363 OF THE
UNITED STATES BANKRUPTCY CODE**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors

in Possession in in the above-reference chapter 11 cases (collectively, the "Debtors") and file this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

*Emergency Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code* (the "Motion") and in support thereof would respectfully show the Court as follows:

### Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.     This Motion is made pursuant to §363 of the United States Bankruptcy Code and F.R.B.P. 6004(f)(1).

### Bankruptcy

3.     On September 2, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The bankruptcy cases of the Debtors are jointly administered pursuant to this Court's *Order Regarding Filing of Pleadings and Directing the Joint Administration of Cases* [Docket No. 46] entered September 5, 2025.

4.     No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Background

5.     Food Concepts International Holdings, Inc. ("FCIH") is the sole member of the general partner of Food Concepts International, L.P., a Texas limited partnership ("FCI").  FCI is the 99.99% limited partner of the Abuelo's International, L.P., a Texas limited partnership ("ABI").

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 2

6. The Debtors are headquartered in Lubbock, Texas where they conduct their restaurant operations.

7. The Debtors own and operate a chain of full-service, casual dining Mexican restaurants serving made-from-scratch Mexican food. The Debtors' first restaurant opened in 1989, and they now operate a total of 16 restaurants located in 7 states throughout the nation. The Debtors' operations have been impacted by a significant drop in sales, rising food and labor costs, continued staffing challenges, and changes in consumer preferences.

8. In connection with these bankruptcy proceedings the Debtors have commenced a review of current and projected profitability of their 16 restaurant locations.

9. The Debtors have determined it is in their best interest as well as the interests of creditors and the Debtors' estates to cease operations and close a restaurant located at 5733 State Hwy 121, The Colony, Texas 75056 (the "Colony"), to sell at public auction the furniture, equipment, inventory and supplies ("Assets") located at the Colony, and reject the lease associated with the Colony.

10. The Debtors will cease operations and close the Colony on October 19, 2025, and vacate the leased premises before November 1, 2025.

11. The Debtors will also reject the lease associated with the Colony in accordance with the rejection procedures provided in the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* ("Lease Rejection Order") [Dkt. No. 108].

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 3

12.     The Debtors assert that in order realize maximum value for the Assets it is in the best interest of the estate and its creditors to liquidate the Assets at public sale by online auction (the "Auction").

13.     Contemporaneously, the Debtors are filing an application to employ Local Liquidators as their auctioneer to inventory and tag the Assets and conduct the Auction after the closure of the Colony pursuant to the terms of a certain Exclusive Auction Agreement ("Auction Agreement") providing for the engagement of Local Liquidators to conduct the Auction of non-titled personal property of the Debtors at the Colony. A true and accurate copy of the Exclusive Auction Agreement is attached hereto and incorporate herein as **Exhibit A**.

14.     The Debtors' estimate the Assets have a fair market value between $10,000 and $50,000, which is based on the results of recent sales conducted after the prepetition closure of other similarly situated underperforming locations.

15.     Upon information and belief, the Assets may be subject to liens and/or claims of Ben E. Keith and UMB successor in interest to First Bank & Trust, Lubbock, Texas, a state bank ("FBT"). Additionally, the Assets are subject to 2025 and prior year claims of ad valorem tax authorities.

16.     By separate motion the Debtors are requesting the Court hear this motion on an emergency basis to allow the Debtors to conduct the Auction and vacate the leased premises prior to November 1, 2024, thereby avoiding a substantial administrative expense claim for November rent.

### Proposed Auction

17.     Between October 20, 2025 and October 29, 2025, Local Liquidators will inventory, tag, divide into lots, advertise the Assets and Auction, and conduct the Auction with Buyer's required to pick up purchased Assets no later than October 29, 2025.  Local Liquidators may market the Assets

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 4

and Auction in the manner and means it deems appropriate, in its sole discretion, including, without limitation, online advertising, social media, press releases and any other marketing or advertising means it deems necessary to obtain the highest and best value for the Assets.

18. The Auction will be conducted online.

19. The Assets will be sold in place, free and clear of all liens, claims, interests and encumbrances, without express or implied warranty, and on an "as is, where is" basis.

20. Pursuant to the Auction Agreement, in exchange for its services, including inventorying, tagging, marketing, and the use of its online auction platform, Local Liquidators charges a fee equal to 30% of the gross sale proceeds, excluding any buyer premium or applicable taxes.

21. Pursuant to Section 363 of the Bankruptcy Code, the Debtors proposes to sell the Assets free and clear of all liens, claims, interests and encumbrances, with all valid liens, claims, interests and encumbrances following and attaching to the proceeds of sale in the order of priority established under applicable law.

22. The sale of the Assets shall be without warranty and on an "as is" "where is" subject to all defects basis.

23. Proceeds of sale shall be paid to and held by the Debtors pending further order of this Court.

24. Under Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure, the Debtors may sell the property of the estate outside the ordinary course of business by either private sale or public auction. The Debtors have determined, in their best judgment, the Auction will maximize the

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 5

value of the Assets.  As such, the Auction is in the best interests of the Debtors' estate and their respective creditors.

### Precautions to Preserve Intellectual Property

25.    Prior to the Auction, the Trustee shall image all computers, servers and other devices to be sold at the Auction and sanitize and remove any and all data, intellectual property, software and operating systems from all computers, servers or other devices to be sold at the Auction. A data destruction certificate shall be provided to any former customer of the Debtors upon written request.

26.    Nothing contained in this Motion or the Order approving this Motion shall convey to bidders at the Auction the right to use or disclose any intellectual property of the Debtors or the Debtors' former customers or the right to licenses or use of software of the Debtors.

### Relief Requested

27.    By this Motion and pursuant to §363(b) and (f) of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure, the Debtors request this Court to authorize the Debtors to sell, without warranty and on an "as is" "where is" subject to all defects basis, the Assets to the persons with the highest bid identified at the Auction free and clear of all liens, claims, interests and encumbrances with all valid liens, claims, interests and encumbrances following and attaching to the proceeds of sale in the order of priority established under applicable law.

28.    Pursuant to section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property free and clear of liens, claims and encumbrances if one of the following conditions is satisfied: (a) applicable nonbankruptcy law permits the sale of the property free and clear of such interest; (b) the entity holding the lien, claim, or encumbrance consents to the sale; (c) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 6

on the property; (d) the interest is in bona fide dispute; or (e) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See, *In re Smart World Tech., LLC*, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers … to acquire assets [from a debtor] without any accompanying liabilities"); *In re Trans World Airlines, Inc.*, 322 F.3d 283, 285 (3d Cir. 2003); *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994); *Michigan Emp't Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991); *In re Ziegler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005); *In re Dundee Equity Corp.*, No. 89-B-10233, 1992 WL 53743, at *3 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) [has] been met").

29.     The sale of the Assets will satisfy section 363(f) because, as described below, any entities holding liens on the Assets will have received notice of this Motion and the holders of liens against the Assets have consented to the sale as set forth herein. Section 363(f)(2) is satisfied as to those parties that consent or do not object to the proposed sale. All parties in interest will be given sufficient opportunity to object to the relief requested by the Debtors, and any such entity that does not object to the Auction should be deemed to have consented.

30.     The time and place of the Auction is reasonable and is in accordance with the Debtors' past practices when closing an underperforming location.

31.     Consistent with section 506(c) of the Bankruptcy Code, the Debtor's propose satisfaction of (a) the auctioneer fees of Local Liquidators and (b) 2025 and prior year ad valorem

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 7

property taxes assessed against the Assets, with the balance of the proceeds of sale, if any, retained by the Debtor to assist in funding future operations.

### The Debtors Have Satisfied Bankruptcy Rule 6003(b)

32.     Bankruptcy Rule 6003(a) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before 21 days after filing of the petition. Fed. R. Bankr. P. 6003(a). For the reasons described above, the relief requested is necessary for the Debtors to operate their businesses in the ordinary course and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors believe that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

33.     To implement the foregoing successfully, the Debtors seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

34.     The Debtors will provide notice of this motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors; (c) the Secured Creditors; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the landlord affected by the proposed sale; and

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 8

(g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

35.     Attached hereto and incorporated herein as **Exhibit B** is the Debtors' proposed form of Order approving the Auction the subject of this Motion.

**WHEREFORE, PREMISES CONSIDERED**, The Debtors respectfully request that, after appropriate notice and hearing, the Court enter an order authorizing the Trustee to sell the Assets by Auction; approve the sale of the Assets at the Auction to the highest bidder, on an "as is", "where is" subject to all defects basis, free and clear of all liens, claims, interests and encumbrances, with any valid liens, claims, interests and encumbrances following and attaching to the proceeds of the sale; and for such other relief to which she may be shown justly entitled.

Dated this the 19th day of October 2025.

Respectfully submitted,

ROCHELLE McCULLOUGH, LLP
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By: ___/s/ Joseph F. Postnikoff_____
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnkoff@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 9

Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED COUNSEL FOR DEBTORS IN
POSSESSION

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with the following parties regarding the relief requested in this Motion and have been advised as follows as of the time of filing of the Motion:

| Name | Party | Email Address | Position |
|---|---|---|---|
| Erin Schmidt Susan Hersh | United States Trustee | erin.schmidt2@usdoj.gov susan.hersh@usdoj.gov | No Response |
| Christopher J. Fisher Kyle Hirsch | UMB/First Bank & Trust | chris.fisher@bclplaw.com kyle.hirsch@bclplaw.com | No Objection |
| Robert N. Loughran Bruce Akerly | Ben E. Keith Company | rloughran@akerlylaw.com bakerly@akerlylaw.com | No Response |
| Yoram Avneri | TMGN 2, LTD | yoramavneri@yahoo.com | No Response |

_/s/ Joseph F. Postnikoff_
Joseph F. Postnikoff

---

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 10

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of October 2025, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and on the parties listed below via email:

| Name | Party | Email Address |
|---|---|---|
| Erin Schmidt | United States Trustee | erin.schmidt2@usdoj.gov |
| David Adams | United States Attorney | David.g.adams@usdoj.gov |
| Christopher J. Fisher<br>Kyle Hirsch<br>Luke Graham | UMB/First Bank & Trust | chris.fisher@bclplaw.com<br>kyle.hirsch@bclplaw.com<br>Luke.Graham@BCLPlaw.com |
| Robert N. Loughran<br>Bruce Akerly | Ben E. Keith Company | rloughran@akerlylaw.com<br>bakerly@akerlylaw.com |
| Jason T. Rodriguez | G. Randall Andrews & David Sharbutt | jrodriguez@higierallen.com |
| Kyle S. Hirsch<br>Maddie Kroll<br>Christopher Fisher | First Bank & Trust | Kyle.hirsch@bclplaw.com<br>Maddie.kroll@bclplaw.com<br>Chris.fisher@bclplaw.com |
| Michael Strieter | Gordon Food Service, Inc. | Michael.strieter@gfs.com |
| Kim Jones | Shamrock Foods Company | Kim_jones@shamrockfoods.com |
| Jackie Seltzer | Whitley Penn, LLP | Jackie.seltzer@whitleypenn.com |
| Steve Parker | Edward Don | Steveparker@don.com |
| Ryan Wells | Alvarez & Marsal Holdings, LLC | rwells@alvarezandmarsal.com |
|  | Andrews Plumbing Services, Inc. | info@andrewsaz.com |
| Rich | Coastal Refrigeration Services, Inc. | rich@coastalairmb.com |
|  | Watts Hearing & Hot Water Solutions | credit@pvi.com |
| R. Mabrey | Alsco, Inc. | rmabrey@alsco.com |
| Richard | Astralcom, LLC | richard@astralcom.com |
| R. Vaccola | SSPR, LLC | rvaccola@nextpr.com |
| Arturo Gonzalez | Farmers Bros. Co. | Arturo.gonzalez@farmerbros.com |
|  | 1st Source Restaurant Services, Inc. | dispatch@arcstx.com |
| T. Fields | Lamar Texas Limited Partnership | tfields@lamar.com |
| John K. Turner | Randall County, Smith County, Tarrant County<br>Lewisville ISD | John.turner@lgbs.com |
| Alysia Cordova | Taxing Districts Randall County,<br>Lubbock CAD<br>Midland County | amabkr@pbfcm.com<br>Acordova@pbfcm.com |
| Julie Anne Parsons | The County of Denton<br>Midland CAD<br>CAD Taylor County | jparsons@mvbalaw.com |
| Jennifer f. Wertz | 101 League City CMJCGT I45/646 LP | jwertz@jw.com |
| Christopher Staine | TPP 424 Park West Retail, LLC | Christopher.staine@crowedunlevy.com |
| John Casey Roy | Hind Aina Haina, LLC | croy@drcl.com |
| Ron Avneri | TMGN 2, Ltd. | yoramavneri@yahoo.com |
| Maureen | 10600 Appliances, LLC | maureen@jimmynassour.com |
| T. Olson | Chandler Gateway, LLC | tolson@reddevelopment.com |

In re Abuelo's International, L.P., *et al.*, Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 11

| Scott Goldsmith | Loop West (Orlando) LLC | sgoldsmith@nadg.com |
|---|---|---|
| Chris Day | Nickel Creek RE, LLC | chris@abcsupportcompany.com |
| Robert Jakubeck | SEYCO-THF Eastside Market, LLC | rrkg@thekroenkegroup.com |
| Greg Baker | | Greg_b@food-concepts.com |
| Johnny Stevens | WaterFront Commercial Properties, LLC | johnny@marchoil.com |
| Kasey Whitten | | kaseyw@food-concepts.com |
| Jackie Seltzer | Whitley Penn, LLP | Jackie.seltzer@whitleypenn.com |
| Rebecca L. Matthews<br>Ivan M. Gold | Hulen Mall, LLC | rmattews@fbtlaw.com<br>igold@allenmatkins.com |
| Tara L. Grundemeier | Katy ISD<br>Harris CO ESD #08 | Houston_bankkruptcy@lgbs.com |
| Leslie C. Heilman<br>Laurel D. Roglen<br>Margaret A. Vesper<br>Erin L. Williamson | Continental Realty Corporation<br>Federal Realty OP LP | heilmanl@ballardspahr.com<br>roglenl@ballardspahr.com<br>vesperm@ballardspahr.com<br>williamsone@ballardspahr.com |
| Linda D. Reece | Plano ISD | lreece@pbfcm.com |

The undersigned hereby further certifies that on the 20th day of October 2025, a copy of the foregoing Motion will be served via First Clas United States Mail, postage prepaid, upon the parties listed on the attached Service List.


　　　/s/ Joseph F. Postnikoff
　　　　Joseph F. Postnikoff

In re Abuelo's International, L.P., et al., Debtors in Possession
Motion to Sell Personal Property of the Estate by Public Auction Free and Clear of
Liens, Claims, Interests and Encumbrances Pursuant to §363 of the Bankruptcy Code – Page 12

 **EXHIBIT A**

9034 N 23rd Avenue Suite 13
Phoenix, AZ 85021
Phone: 602-875-7336
www.LocalLiquidators.com
info@localliquidators.com

# Exclusive Auction Agreement

THIS EXCLUSIVE AUCTION AGREEMENT ("**Agreement**") is made as of the last date set forth on the signature page to this Agreement (the "**Effective Date**"), by and between Seller (as set forth below) and Local Liquidators, LLC, an Arizona limited liability company ("**Local Liquidators**"). In consideration of the mutual covenants and agreements set forth herein, Seller and Local Liquidators agree as follows:

SELLER NAME: *Abuelo's International, L.P.*

ADDRESS: *4413 82ND St   STE 250   Lubbock Tx   79424*

PHONE: *806 206 2660*       CONTACT NAME: *Jeff Dossett*

FACSIMILE: *806 795 8864*       EMAIL: *jeffD@ food concepts com*

AUCTION LOCATION
ADDRESS: *TBD*

1. <u>Appointment and Acceptance</u>. Seller hereby appoints Local Liquidators as the exclusive provider of auction services to sell the items, products or other property listed in <u>Section 14</u> or otherwise designated by Seller ("**Products**") in one or more auctions (each, an "**Auction**"). Local Liquidators accepts such appointment and agrees to act in the capacity described in this Agreement. This Agreement shall not be construed as to limit Local Liquidators's ability to provide auction services relating to any other products, items or property, including products that may compete with the Products. Local Liquidators shall not be required to purchase any minimum quantity of the Products.

1. <u>Storage and Title of Products</u>.

1.1  Unless otherwise set forth in this Agreement, all Products shall be stored at Seller's facilities and under Seller's care and direction; provided, however, Products shall not be moved during the term of this Agreement without the prior written consent of Local Liquidators, which consent shall not be unreasonably withheld. Local Liquidators has no obligation to insure the Products and Seller shall bear the entire risk of loss or damage to the Products at all times prior to the sale of the Products as provided under the terms of this Agreement. Seller shall (i) permit Local Liquidators to inspect the Products during regular business hours, and (ii) cooperate in good faith with any request by Local Liquidators to inspect the Products.

1.2  This Section 1.2 applies only in the case that the parties agree that Local Liquidators will take possession of any Products:

(a)  <u>Care</u>. Local Liquidators shall use commercially reasonable efforts to store the Products in a form and manner consistent with other items stored on Local Liquidators property. The specific manner of storage shall be determined in Local Liquidators's sole discretion. Local Liquidators may move any Products between one or more locations or within one location in its sole discretion and without notice to Seller. Local Liquidators hereby disclaims any obligation or standard of care other than those expressly set forth in this Agreement, including any obligation to prevent damage or destruction to or of any Products. Except as otherwise required herein, Local Liquidators shall have no obligation to provide security for any Products in any form.

(b)  <u>Title</u>. Seller shall at all times retain Title for and to all Products.

**www.LocalLiquidators.com**



9034 N 23rd Avenue Suite 13
Phoenix, AZ 85021
Phone: 602-875-7336
www.LocalLiquidators.com
info@localliquidators.com

(c) Insurance. The Products may be covered by Local Liquidators's insurance while on Local Liquidators property, but Local Liquidators has no obligation to insure the Products on Seller's Property and Seller shall bear the entire risk of loss or damage to the Products at all times prior to the sale of the Products at Auction.

(d) Inspection. Upon at least 24 hours' notice to Local Liquidators, Local Liquidators shall permit Seller, at Seller's sole expense, to inspect the Products in Local Liquidators's possession during regular business hours.

2. Reserve. Unless otherwise mutually agreed between Seller and Local Liquidators in this Agreement or in writing, all Products have a base reserve equal to the starting bid of $5 for the Products (the base reserve, as may be increased as provided in this paragraph, is referred to as the "Reserve"). Except as otherwise provided in this Agreement, in the event any Product receives a bid at or exceeding the Reserve, Seller is deemed to have irrevocably accepted such bid.

3. Compensation.

3.1 Commission. Seller agrees to pay Local Liquidators a commission in an amount described below (the "Commission") for the compensation of Local Liquidators for the services it performs under this Agreement, in addition to Seller's use and access to the Local Liquidators website and auction platform. Unless otherwise set forth in this Agreement or any exhibits, riders, or addenda hereto, the Commission for all intangible assets, intellectual property and titled vehicles will equal [N/A] of the gross sale proceeds, and the Commission for all physical, non-titled items will equal [30% ] of the gross sale proceeds, excluding any buyer premium or applicable taxes, as determined by Local Liquidators. Local Liquidators may deduct the Commission from the gross proceeds received from Buyer in connection with the sale of any Products prior to disbursement of any remaining proceeds to Seller. This Section survives the expiration or termination of this Agreement.

3.2 Marketing Fee. If Seller elects to use Local Liquidators's optional marketing services,, Seller shall pay to Local Liquidators a marketing fee (the "Marketing Fee") in an amount equal to the greater of [___0_____%] of the Reserve for all Products or [$__0.00_____], unless otherwise provided in Section 14. The Marketing Fee is due and payable concurrently with the execution of this Agreement.

4. Proceeds. Local Liquidators shall use commercially reasonable efforts to remit net proceeds from the sale of any Products due to Seller within [ 15 ] business days after the Auction ends. Funds will only be dispersed to the entity or individual named as Seller in this agreement, or such Local Liquidators's or individual's authorized representative, provided that Local Liquidators may in its sole discretion determine what documentation or evidence is required to deem a person an authorized representative and may withhold disbursement until satisfactory documentation has been provided. Seller, at its option, may pick up a check in person at 9034 N. 23rd Ave Ste 13, Phoenix AZ 85021. Unless Seller makes this election, Local Liquidators will mail the check to Seller at the address set forth in the preamble to this Agreement. In the event that any legitimate dispute exists in Local Liquidators's discretion, Local Liquidators may withhold any payment to Seller without liability or risk thereof for the same.

5. Marketing. Seller hereby grants Local Liquidators with all requisite right and authority to market the Auction or Products in the manner and means determined by Local Liquidators in its sole discretion, including, without limitation, online advertising, social media, press releases and any other marketing or advertising means deemed necessary or proper by Local Liquidators. Seller waives, releases and discharges all claims, disputes, demands, warranties and causes of action,



9034 N 23rd Avenue Suite 13
Phoenix, AZ 85021
Phone: 602-875-7336
www.LocalLiquidators.com
Info@localliquidators.com

known and unknown, arising out of any and all of Local Liquidators's marketing or advertising efforts pursuant to this Section.

6. **Local Liquidators Obligations; Disclaimers**. Unless otherwise expressly set forth herein, Local Liquidators's sole duty shall be to use commercially reasonable efforts to affect a sale of the Products during the term of this Agreement, with the understanding that Local Liquidators makes no warranty as to whether the Products will be sold at Auction or the revenues that may or may not be derived therefrom (or amounts of revenues) and that Local Liquidators shall not be liable for any loss suffered by Seller relating to the Products including, without limitation, to a Buyer refusing or otherwise failing to complete a purchase of the Products. Local Liquidators shall not be charged with the custody of the Products, their management, maintenance, security, insuring, or repair.

7. **Withdrawal of Products; Buyer Nonpayment**.

Seller acknowledges and agrees that (i) withdrawal or modification of any Products after the submission or deadline for the same is strictly prohibited, and (ii) this Agreement is an exclusive agreement to sell the Products. If Seller sells, transfers, or exchanges (including forfeiture or disgorgement) any Products and violates its obligations in this Agreement, Local Liquidators may pursue any remedies set forth in this Agreement, all of which shall be deemed to be cumulative.

If Buyer fails to pay for or pick-up any Products in accordance with Local Liquidators's terms and conditions applicable to Buyer, Local Liquidators will remove the Product(s) from the Seller's settlement report and Seller shall retain title and ownership to such Product(s). However, Local Liquidators may, at its option, place the Product(s) in a future Auction. Local Liquidators reserves the right to act on the Buyer's behalf and pay for, pick-up or take possession of items in which case such items will remain on Seller's settlement report and be compensated the same.

8. **Auction Cancellation**. **ONCE AN AUCTION HAS COMMENCED, SELLER CANNOT CANCEL THE AUCTION, REMOVE PRODUCTS FROM AUCTION OR OTHERWISE MODIFY THE AUCTION**. If Seller violates the foregoing and terminates any Auction or modifies the Products in an Auction after such Auction has commenced, Seller agrees to pay Local Liquidators liquidated damages of [ 0.00] plus [___0___%] of the estimated sale price of the applicable Products plus [___0___%] for lost buyers premium on the applicable Products to compensate Local Liquidators for expenses it has incurred to execute this Agreement and prepare and commence any such Auctions on Seller's behalf. The parties acknowledge and agree that (i) it would be extremely impracticable to accurately determine Local Liquidators's damages caused by Seller's cancellation of an Auction or modification of the Products in an Auction, and (ii) the liquidated damages described in this Section are of a fair and reasonable amount such that they may compensate Local Liquidators for damages incurred.

9. **Seller Review**. Seller shall verify the accuracy of all Products, including any pictures or descriptions, in an Auction prior to 48 hours before the Auction commences. Seller shall promptly advise Local Liquidators of any errors, omissions, misstatements or other misrepresentations and further advise Local Liquidators on how to correct the same.

10. **Exclusivity**.  On the Effective Date of this Agreement, Seller shall immediately discontinue all forms of advertisement or solicitation for any Products, except advertisement or solicitation for the Auction on the Local Liquidators platform. Seller's failure to strictly comply with this Section constitutes a material default of this Agreement, unless waived in writing by Local Liquidators in its sole discretion. This paragraph is not intended to limit Seller's ability to advertise and promote the Auction, and Seller is encouraged to advertise and promote the Auction in addition to the marketing done by Local Liquidators.



9034 N 23rd Avenue Suite 13
Phoenix, AZ 85021
Phone: 602-875-7336
www.LocalLiquidators.com
info@localliquidators.com

11. Buybacks; Seller Bidding. Buybacks are prohibited. Neither Seller nor any of its agents, representatives, employees, principals, or contractors shall bid on any of Seller's Products. Local Liquidators reserves the right to (i) remove any Products from any Auction if Local Liquidators reasonably believes Seller or any of its agents, representatives, employees, principals, or contractors are or have bid on any of Seller's Products; (ii) assign a value or values to the Product or Products, in its sole discretion, and charge to Seller a Commission based on the assigned value; and (iii) return the Product or Products to Seller and prohibit Seller's participation, use or access of the Local Liquidators website or platform.

12. Term and Termination.

Term. Unless earlier terminated as provided herein, this Agreement has a term of one (1) year commencing on the Effective Date and will automatically renew for successive one (1) year periods. Either party may terminate this Agreement upon written notice to the other party not less than 60 days prior to the end of the then-effective one (1) year period, and such termination shall be effective upon the end of such one (1) year period.

Termination for Breach. Seller is in default under this Agreement if: (i) it materially breaches a term of this Agreement and such breach continues for a period of ten (10) days after it has been notified of the breach, or (ii) it ceases conducting business in the normal course, become insolvent, make a general assignment for the benefit of creditors, suffer or permit the appointment of a receiver for its business or assets (and such receiver is not discharged within 30 days), or avails itself of or become subject to any proceeding under the Federal Bankruptcy Act or any other federal or state statute relating to insolvency or the protection of rights of creditors. Upon the occurrence of an event of default as described in the previous sentence, Local Liquidators may immediately terminate this Agreement by giving written notice to Seller.

Survival. All terms and conditions which by their nature are intended to survive termination of this Agreement shall survive to the extent necessary to preserve the rights and expectations of the parties hereto.

13. Limitation of Liability; Waiver and Release. NEITHER PARTY SHALL BE LIABLE TO THE OTHER OR TO ANY THIRD PARTY FOR ANY INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES (INCLUDING LOST PROFITS) IN CONNECTION WITH ANY BUSINESS RELATING TO OR ARISING OUT OF THIS AGREEMENT, HOWEVER CAUSED, EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THESE LIMITATIONS APPLY NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY PROVIDED UNDER ANY TERM OF THIS AGREEMENT. SELLER HEREBY IRREVOCABLY WAIVES, RELEASES AND DISCHARGES ALL CLAIMS, DISPUTES, DEMANDS, WARRANTIES AND CAUSES OF ACTION, KNOWN AND UNKNOWN (COLLECTIVELY, "CLAIMS"), ARISING OUT OF OR CONNECTED IN ANY WAY TO LOCAL LIQUIDATORS'S DESCRIPTIONS, PHOTOGRAPHS OR DEPICTIONS OF ANY PRODUCTS OR, IF APPLICABLE, STORAGE OR POSSESSION OF THE PRODUCTS, OR ANY DAMAGES, LOSSES, LIABILITY OR OTHER EXPENSES OF ANY KIND, INCLUDING PROPERTY DAMAGE AND INJURY TO PERSONS (INCLUDING DEATH), EXCEPT FOR ANY CLAIMS CAUSED DIRECTLY FROM LOCAL LIQUIDATORS'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. THIS PARAGRAPH SURVIVES THE EXPIRATION OR TERMINATION OF THIS AGREEMENT. SELLER ACKNOWLEDGES THIS SECTION IS MATERIAL TO LOCAL LIQUIDATORS'S WILLINGNESS TO ENTER THIS AGREEMENT AND IT WOULD NOT HAVE OTHERWISE ENTERED INTO THIS AGREEMENT BUT FOR THIS PARAGRAPH.

14. Special Terms and Conditions; Payee Change. Notwithstanding anything to the contrary in this Agreement, the parties hereby agree to the following modifications to this Agreement, the intent being that this Section 14 shall control over any other term in this Agreement conflicting with anything in this Section 14.



**Local Liquidators**

9034 N 23rd Avenue Suite 13
Phoenix, AZ 85021
Phone: 602-875-7336
www.LocalLiquidators.com
info@localliquidators.com

**Payee Change:** If Seller is not the party who will receive sale proceeds, the correct payee is...

NAME:_____

ADDRESS:_____

PHONE:_____ EMAIL:_____

**Other special terms and conditions** -

The parties have executed this Agreement themselves or through their duly authorized representatives as of the date written below the parties' signatures.

**Seller**

Signature: _Jeff Dossett_

Name: JEFF DOSSETT

Title: Vice President of Off Premise

Dated: 9-30-2025

**Local Liquidators LLC**

Signature: _____

Name: CHRIS RUSHFORD

Title: DIRECTOR

Dated:/2025 9/30/25

www.LocalLiquidators.com

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, LP,** *et al.,*[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| Debtors. | § | **Jointly Administered** |

**ORDER GRANTING EMERGENCY MOTION TO SELL PERSONAL PROPERTY OF
THE ESTATE BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES PURSUANT TO §363 OF THE UNITED STATES
BANKRUPTCY CODE
[Refers to Docket No. __]**

Came on for consideration the *Emergency Motion to Sell Personal Property of the Estate*

*by Public Auction Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

*§363 of the Bankruptcy Code* [Docket No. __] (the " <u>Motion</u>")[2] filed by Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in in the above-reference chapter 11 cases (collectively, the "<u>Debtors</u>). To the extent necessary, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

Further, the Court finds jurisdiction over the subject matter and parties, notice of the Motion was adequate under the circumstances and the relief sought in the Motion is in order and should be granted. It is therefore

**ORDERED, ADJUDGED AND DECREED** that the Motion be and the same is hereby granted; it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors be and the same are hereby authorized to sell the Assets by way of auction conducted by Local Liquidators, upon the terms and conditions proposed by the Debtors in the Motion, and the Debtors' application to employ Local Liquidators which is being granted contemporaneously herewith; it is further

**ORDERED, ADJUDGED AND DECREED** that the Assets sold at the auction shall be sold without warranty and on an "as is" "where is" subject to all defects basis; it is further

**ORDERED, ADJUDGED AND DECREED** that the Assets shall be sold free and clear of all liens, claims, interests and encumbrances and all valid liens, claim, interests and encumbrances shall follow and attach to the proceeds of sale in the order established by applicable law; it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors' are authorized to satisfy, from the proceeds of sale, (a) the auctioneer fees of Local Liquidators and (b) 2025 and prior year

---

[2] Undefined capitalized words and phrases shall have the meaning ascribed to them in the Motion.

ad valorem property taxes assessed against the Assets, with the balance of the proceeds of sale, if any, to be retained by the Debtor to assist in funding future operations; it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors be and the are hereby authorized to execute all documents and take all actions necessary to carry out the purposes and intent of this order; it is further

**ORDERED, ADJUDGED AND DECREED** that to the extent necessary, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm; it is further

**ORDERED, ADJUDGED AND DECREED** that to the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived; it is further

**ORDERED, ADJUDGED AND DECREED** that notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

### End of Order ###