Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.*,**[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**THIRD NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**
**[Related Docket No. 108]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, L.P. (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**PLEASE TAKE NOTICE** that on September 23, 2025, the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 108] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors at Abuelo's International, L.P., 4413 82nd Street, Lubbock, Texas 79424, Attn: Robert Lin; (ii) proposed counsel to the Debtors, Rochelle McCullough, LLP, 300 Throckmorton Street, Suite 520, Fort Worth, Texas 76102, Attn: Joseph F. Postnikoff; and (iii) the United States Trustee for the Northern District of Texas, 1100 Commerce St. Room 976, Dallas, Texas 75242, Attn: Erin Marie Schmidt, Trial Attorney, Office of the United States Trustee.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3] If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty (30) days after the later of (A) the Rejection Date, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: November 9, 2025.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By:     */s/ Joseph F. Postnikoff*
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnikoff@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

## Schedule 1

**Procedures Order**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 23, 2025**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ABUELO'S INTERNATIONAL, L.P., *et al.,*[1] | § | Case No. 25-43339-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF
[Relates to Docket No. 80]**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order (a) authorizing and

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, L.P. (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration and the Motion.

approving procedures for rejecting, assuming, or assuming and assigning executory contracts and

unexpired leases (including any amendments or modifications thereto, collectively, the "Contracts")

and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

Court having found that it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under

the circumstances and no other notice need be provided; and this Court having reviewed the

Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled;

and the Court having determined that the legal and factual bases set forth in the Motion and the

record of the hearing on such motion establish just cause for the relief granted herein; and upon all

of the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting

Contracts:

      a.  ***Rejection Notice.*** The Debtors shall file a notice substantially in the form
attached to the Order as **Exhibit 1** (the "Rejection Notice") indicating the
Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the
Bankruptcy Code, which Rejection Notice shall set forth, among other things:
(i) the Contract or Contracts to be rejected; (ii) the names and addresses of the
counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the
proposed effective date of rejection for each such Contract(s) (each, the
"Rejection Date"); (iv) if any such Contract is a lease, the personal property to
be abandoned (the "Abandoned Property"), if any, and an estimate of the book

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired
Leases and (II) Granting Related Relief – Page 2**

value of such property, if practicable; (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; provided that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100. The Rejection Notice shall be accompanied by the proposed form of rejection order.

b.  *Service of the Rejection Notice.* The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the United States Trustee for the Northern District of Texas, Atten: Erin Marie Schmidt erin.schmidt2@usdoj.gov; (B) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (C) Secured Creditors; (D) the United States Attorney's Office for the Northern District of Texas; (E) the Internal Revenue Service; (F) the attorneys general in the states where the Debtors conduct their business operations; and (G) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.  *Objection Procedures.* Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors at Abuelo's International, L.P., 4413 82nd Street, Lubbock, Texas 79424, Attn: Robert Lin; (ii) proposed counsel to the Debtors, Rochelle McCullough, LLP, 300 Throckmorton Street, Suite 520, Fort Worth, Texas 76102, Attn: Joseph F. Postnikoff; and (iii) the United States Trustee for the Northern District of Texas, 1100 Commerce St. Room 976, Dallas, Texas 75242, Attn: Erin Marie Schmidt, Trial Attorney, Office of the United States Trustee.

d.  *No Objection Timely Filed.* If no objection to the rejection of any Contract is timely filed, including the proposed abandonment of any Abandoned Property, the Debtors shall file a Rejection Order under a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; provided, however, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises

by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; provided, further, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e. ***Unresolved Timely Objections.*** If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract(s) shall be rejected upon entry of a Rejection Order setting forth the applicable rejection date.

f. ***Removal from Schedule.*** The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g. ***No Application of Security Deposits.*** If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h. ***Abandoned Property.*** The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Contract counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and, to the extent applicable, the automatic stay is modified to allow such disposition. To the extent requested by Contract counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Contract counterparty to facilitate such party's use or disposal of such Abandoned Property.

i. ***Proofs of Claim.*** Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim

---

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief – Page 4**

established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Date, and (B) the date of entry of an order rejecting the Contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.      The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.   ***Assumption Notice.*** The Debtors shall file a notice substantially in the form attached to the Order as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business by mutual agreement of the Debtor and applicable Assumption Counterparty; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice shall be accompanied by the proposed form of assumption order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance.*** The Debtors will cause the Assumption Notice to be served (i) by first class mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[3] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.   ***Objection Procedures.*** Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection so that such objection is filed

_____

[3] The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

_____

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief – Page 5**

with this Court and actually received by the Objection Service Parties no later than fourteen (14) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d. ***No Objection.*** If no objection to the assumption of any Contract is timely filed, the Debtors shall file a proposed Assignment Order under a certificate of no objection. Each Contract shall be assumed as of the date of entry of the Assignment Order or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.

e. ***Unresolved Timely Objections.*** If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract shall be assumed as of the date of entry of an Assignment Order or such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

f. ***Removal from Schedule.*** The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4. The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved.

5. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

6. Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

7. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final

orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In

---

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief – Page 7**

addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

10.    Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary or appropriate to implement the relief granted by this Order.

12.    This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###END OF ORDER###

# EXHIBIT 1

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE McCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.*,[1]** | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**NOTICE OF REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES
[Related Docket No. _____]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, L.P. (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**PLEASE TAKE NOTICE** that on [＿＿＿＿＿＿＿＿＿＿], 2025, the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ＿＿＿] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than seven (7) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors at Abuelo's International, L.P., 4413 82nd Street, Lubbock, Texas 79424, Attn: Robert Lin; (ii) proposed counsel to the Debtors, Rochelle McCullough, LLP, 300 Throckmorton Street, Suite 520, Fort Worth, Texas 76102, Attn: Joseph F. Postnikoff; and (iii) the United States Trustee for the Northern District of Texas, 1100 Commerce St. Room 976, Dallas, Texas 75242, Attn: Erin Marie Schmidt, Trial Attorney, Office of the United States Trustee.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Rejection of Certain Contracts and/or Unexpired Leases – Page 2**

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3] If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty (30) days after the later of (A) the Rejection Date, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

---

FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM

AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON

ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT

OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'

CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated _____.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By: ____/s/ Joseph F. Postnikoff_____
Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnkoff@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipking@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED COUNSEL FOR DEBTORS IN
POSSESSION

## Schedule 1

**Procedures Order**

**Schedule 2**

**Rejected Contracts**

| Rejection Counterparty | Description of Contract[1] | Abandoned Property (if any) | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

# EXHIBIT 2

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.*,**[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**NOTICE OF ASSUMPTION [OR ASSUMPTION AND ASSIGNMENT]
OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES
[Relates to Docket No. _____]**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND
THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND
READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, L.P. (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**PLEASE TAKE NOTICE** that on [_____], 2025, the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than fourteen (14) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Assumption [or Assumption and Assignment] of Certain**
**Contracts and/or Unexpired Leases – Page 2**

(i) the Debtors at Abuelo's International, L.P., 4413 82nd Street, Lubbock, Texas 79424, Attn: Robert Lin; (ii) proposed counsel to the Debtors, Rochelle McCullough, LLP, 300 Throckmorton Street, Suite 520, Fort Worth, Texas 76102, Attn: Joseph F. Postnikoff; and (iii) the United States Trustee for the Northern District of Texas, 1100 Commerce St. Room 976, Dallas, Texas 75242, Attn: Erin Marie Schmidt, Trial Attorney, Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3] If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assignment as of the applicable Assumption Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or

---

[3] An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Order.

---

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Assumption [or Assumption and Assignment] of Certain**
**Contracts and/or Unexpired Leases – Page 3**

Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in

**Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such

Contract agree.

Dated this the \_\_\_ day of September 2025.

Respectfully submitted,

Rochelle McCullough, LLP
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By: \_\_\_\_*/s/ Joseph F. Postnikoff*_____
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnkoff@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Assumption [or Assumption and Assignment] of Certain**
**Contracts and/or Unexpired Leases – Page 4**

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipking@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

PROPOSED   COUNSEL   FOR   DEBTORS   IN
POSSESSION

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Assumption [or Assumption and Assignment] of Certain**
**Contracts and/or Unexpired Leases – Page 5**

## Schedule 1

## Procedures Order

In re Abuelo's International, L.P., et al, Debtors in Possession
Notice of Assumption [or Assumption and Assignment] of Certain
Contracts and/or Unexpired Leases – Page 6

**Schedule 2**

**Assumed Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|
| | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**In re Abuelo's International, L.P., et al, Debtors in Possession**
**Notice of Assumption [or Assumption and Assignment] of Certain**
**Contracts and/or Unexpired Leases – Page 7**

## Schedule 2

### Rejected Contracts

| Rejection Counterparty | Description of Contract[1] | Abandoned Property (if any) | Rejection Date |
|---|---|---|---|
| **The Waterfront Commercial Properties, LLC**<br>**1223 N. Rock Road, Bldg. H-200**<br>**Wichita, KS 67206**<br><br>**Johnny Stevens**<br>**johnny@marchoil.com** | **Lease By and Between The Waterfront Commercial Properties, LLC and Food Concepts International, L.P. dated September 9, 2003, as amended** | **N/A** | **November 30, 2025** |

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.