Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, LP,** *et al.*,[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Joint Administration Requested** |

**DECLARATION OF JOHN DORRINGTON, PRESIDENT AND CEO OF ABUELO'S INTERNATIONAL, L.P., IN SUPPORT OF SECOND EMERGENCY MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS INTERESTS AND ENCUMBRANCES PURSUANT TO §363 OF THE UNITED STATES BANKRUPTCY CODE**

I, John Dorrington, state and declare as follows[2]:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

[2] All exhibits referenced in this Declaration are included in the Debtors' Witness and Exhibit List filed concurrent with this Declaration.

1. I am over 18 years of age, of sound mind, and fully competent to make this Declaration.

2. I am the President and CEO of Abuelo's International, L.P. ("Abuelo's") and have been employed by Food Concepts International, L.P. ("FCI") and/or Abuelo's (FCI and Abuelo's, collectively, the "Debtors") in various capacities since 1993. I am the authorized representative of the Debtors in these bankruptcy cases (the "Chapter 11 Cases").

3. Based upon my personal knowledge of the Debtors and their business operations, ownership, history, industry, and book and records, and based upon information contained in the Debtors' books and records, I am qualified to make this Declaration on behalf of the Debtors. Some of the information contained herein is based upon my review of data regularly compiled by the Debtors in the ordinary course of its business.

4. My responsibilities include directing overall operations, including monitoring and implementing actions to improve individual store profitability.

5. Over the last year immediately preceding these Chapter 11 Cases, Abuelo's has found it necessary to close eight store locations. In making the decision to close a store, Abuelo's considers a host of factors including current economic conditions, current sales trend line, length of lease, impact on supply chain and the overall financial health of the location and impact on the company as a whole.

6. In order to maintain normal operations, retain the employee workforce and avoid disruption in operations, it has been Abuelo's practice to announce the closing of a store location to employees and customers AFTER the store has been closed. This both maximizes revenues during the final weeks of operation and avoids safety issues which may result from an advance announcement of a store closing.

7.      Of primary concern is the employee workforce. Abuelo's HR Department makes advance preparations to ensure a smooth transition for Abuelo's employees to (a) jobs at another Abuelo's restaurant or (a) jobs at another restaurant in the area.

8.      During the last year immediately preceding the Petition Date, Abuelo's has used Local Liquidators to sell leftover restaurant furniture, fixtures and equipment at seven closed locations. The past experience with Local Liquidators has been excellent. As a result, Abuelo's proposes employment of Local Liquidators to conduct the auction sale of the restaurant furniture, fixtures and equipment at the E Wichita location. **Exhibit 1** is the Exclusive Auction Agreement between Local Liquidators and Abuelo's (the "Agreement") for the conduct of online auctions of personal property at store locations to be determined.

9.      Local Liquidators was employed to conduct online auctions of furniture, fixtures and equipment at closed restaurant locations pursuant to this Court's *Order Granting Application to Employ Local Liquidators, as Auctioneer* [Docket No. 153] entered October 24, 2025 **[Exhibit 3]**.

10.      As compensation for auction services rendered, the Agreement provides for Local Liquidators to be paid a commission of 30% of the gross auction sale proceeds, exclusive of a 15% buyer's premium and sales taxes collected. Local Liquidators absorbs 100% of expenses incurred in the sale process which necessarily includes labor, insurance, marketing, hosting of the online auction sale and processing of credit card payments.

11.      The E Wichita store has been identified as an underperforming store since 2024 and during the intervening period Abuelo's has worked to improve profitability on an operations level and through landlord lease accommodations.

12.     As it turns out, even with generous lease accommodations by the landlord, The Waterfront Commercial Properties, LLC, projections for the store were not significantly improved and it was anticipated continuing operations would be unprofitable.

13.     As a result, a decision was made to terminate operations at the E Wichita location at close of business on November 9, 2025.

14.     Consistent with prior practice and in order to provide a safe dining experience to customers through close of business, the announcement of the closing occurred after operations ceased on November 9, 2025.

15.     Also, on November 9, 2025, notice of rejection of the E Wichita location ground lease was filed and served via email upon the landlord, The Waterfront Commercial Properties, LLC [**Exhibit 2**]. The proposed effective date of rejection of the E Wichita location lease is November 30, 2025.

16.     Local Liquidators was contacted to complete the online auction sale of the E Wichita restaurant furniture, fixtures and equipment. Pursuant to the Agreement, it is proposed that Local Liquidators will conduct a turnkey auction sale for Abuelo's on an expedited basis in order to permit the E Wichita location to be vacated prior to the Thanksgiving holidays, and in no event later than November 30, 2025.

17.     The timeline for the sale process was established as reflected on **Exhibit 5**. The items to be sold in the online auction have been divided into 390 lots and are described on **Exhibit 4**.

18.     Abuelo's has chosen Local Liquidators because of its prior track record with Local Liquidators. Additionally, the terms of compensation are fair under the circumstances insofar as Local Liquidators waives reimbursement of expenses of sale which eliminates any risk

the expenses incurred in connection with the sale will cannibalize the majority or all of the proceeds of sale. Also, it is critical that the auction sale be concluded and the property vacated no later than November 30, 2025, thereby saving December 2025 lease expenses including rent of $17,500.00 and NNN of an additional $7,791.41 for a total of $25,291.41.

19. Abuelo's requests expedited approval of an online auction sale of the furniture, fixtures and equipment described on **Exhibit 4** on the terms and conditions contained in the sale motion.

20. Shortened notice of the proposed sale is necessary and appropriate under the circumstances. Advance notice of a store closure leaves the restaurant vulnerable to a number of risks including theft and employee absence or unpredictable behavior or response to the news. On the other hand, delayed notice of closure ensures a superior dining experience for customers and is in the overall best interests of guests, employees, customers and the company.

21. Conclusion of the sale process prior to November 30, 2025, enables rejection of the lease of The Waterfront Commercial Properties, LLC effective as of November 30, 2025, and avoids the need for payment of December expenses including rent and NNN costs totaling $25,291.41.

22. Conduct of the sale as proposed by Abuelo's is in the best interests of Abuelo's and its creditors.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 12th day of November 2025.

_____
John Dorrington

---

**In re Abuelo's International, LP, *et al.*, Debtors in Possession**
**Declaration of John Dorrington in Support of Sale Motion - Page 5 of 5**