Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.,*[1]** | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT AGREEMENT WITH KIM HUNTER**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102-3643 BEFORE THE CLOSE OF BUSINESS ON MARCH 10, 2025, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in in the above-reference chapter 11 cases (collectively, the "Debtors") and file this *Motion for Approval of Compromise and Settlement Agreement with Jessica Lloyd* (the "Motion") and in support thereof would respectfully show the Court as follows:

### Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F) and (O).  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

### Bankruptcy

2.    On September 2, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The bankruptcy cases of the Debtors are jointly administered pursuant to this Court's *Order Regarding Filing of Pleadings and Directing the Joint Administration of Cases* [Docket No. 46] entered September 5, 2025.

### Background

3.    Food Concepts International Holdings, Inc. ("FCIH") is the sole member of the general partner of Food Concepts International, L.P., a Texas limited partnership ("FCI").  FCI is

---

**In re Abuelo's International, L.P.,** *et al.***, Jointly Administered Debtors in Possession**
**Motion for Approval of Compromise and Settlement Agreement with Kim Hunter - Page 2**

the 99.99% limited partner of the Abuelo's International, L.P., a Texas limited partnership ("ABI").

4.      The Debtors are headquartered in Lubbock, Texas where they conduct their restaurant operations.

5.      Kim Hunter ("Hunter") was previously employed by FCI. Hunter made allegations against FCI related to her employment with and separation from FCI (the "Claims") and has filed Charges of Discrimination against FCE with the Equal Employment Opportunity Commission, charge numbers 540-2025-06115 and 540-2025-06865 (collectively, the "Charge").

6.      FCI denies that it is liable to Hunter on any basis or that it has engaged in any improper or unlawful conduct or wrongdoing with respect to Hunter's employment.

7.      After a period of negotiations, the FCI and Hunter (the "Parties") have reached an agreement which resolves any and all disputes that exist, may have exited, or that may exist between the Parties, either known or unknown.

**Proposed Agreement**

8.      Pursuant to the agreement of the Parties, Hunter shall be allowed a general unsecured claim in the FCI Bankruptcy Case in the total sum of twenty-five thousand dollars and zero cents ($25,000.00) (the "Allowed Claim"). Any distribution made by FCI on account of the Allowed Claim shall be based upon the following allocations:

a.   Six-thousand two-hundred fifty dollars and zero cents ($6,250.00) to be paid to Kim Hunter as wages subject to applicable federal, state, and local withholding. A Form W-2 shall issue related to this payment

b.   Eight-thousand seven-hundred fifty dollars and zero cents ($8,750.00) which shall be paid to Kim Hunter as non-wage income for emotional distress damages. A Form 1099 shall issue related to this payment.

c.   Ten thousand dollars and zero cents ($10,000.00) which shall be paid to Jaburg Wilk Law Firm. A Form 1099 shall issue related to this payment.

9.      Hunter may, but shall not be required to, file a proof of claim in the FCI Bankruptcy Case in order to participate in a distribution to holders of allowed general unsecured claims in the Bankruptcy Case.

10.     Any distribution on account of the Allowed Claim is contingent on receipt of a completed and executed IRS Form W-4 and completed and executed IRS Form W-9 for Hunter, and a complete and executed Form W-9 for Jaburg Wilk Law Firm.

11.     The agreement of the Parties is memorialized in the Confidential Settlement and Release Agreement (the "Settlement Agreement") attached hereto and incorporated herein as **Exhibit A**. Reference is made to the Settlement Agreement for a complete understanding of the agreement of the Parties.

## Relief Requested and Discussion

12.     By this Motion, Debtors seek approval of the Settlement Agreement. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." In deciding whether to approve a proposed settlement or compromise of controversy, a bankruptcy court should consider the following factors:

   a.   The probability of success on the merits and the resolution of the dispute;

   b.   The complexity of the litigation being settled;

   c.   The expense, inconvenience and delay associated with litigating the dispute; and

   d.   The paramount interests of creditors.

*See Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *see also United States v. Aweco, Inc.* (*In re Aweco, Inc.*), 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

13.     All factors considered, the Debtors assert the proposed Settlement Agreement is

---

**In re Abuelo's International, L.P.,** *et al.***, Jointly Administered Debtors in Possession**
**Motion for Approval of Compromise and Settlement Agreement with Kim Hunter - Page 4**

in the best interests of the estates and all creditors thereof. While the litigation is not particularly complex and the Debtors feel relatively secure in success on the merits, the expense, inconvenience and delay associated with litigating the dispute far outweigh the benefits of a trial on the merits.

14.     A proposed Order granting the relief requested in this Motion is attached hereto and incorporated herein as **Exhibit B**.

**WHEREFORE, PREMISES CONSIDERED**, Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession herein, respectfully pray that the Court enter an Order approving the Confidential Settlement and Release Agreement and for such other and further relief, at law or in equity, to which the Debtors may be shown justly entitled.

Dated this the 17th day of February 2026.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

By:     /s/ Joseph F. Postnikoff
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnikoff@romclaw.com

and

---

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of February 2026, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail, postage prepaid, on the parties listed on the attached service list.


   /s/ Joseph F. Postnikoff
       Joseph F. Postnikoff

# EXHIBIT A

### CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement ("Agreement") is entered into by and between Kim Hunter ("Hunter"), and Food Concepts International, L.P., a Texas Limited Liability Partnership, and Abuelo's International, L.P., a Texas Limited Liability Partnership ("Employer"), collectively (the "Parties"), which is effective on the eighth day following execution of the Agreement (the "Effective Date").

WHEREAS, Hunter was previously employed by Employer;

WHEREAS, Hunter made allegations against Employer related to her employment with and separation from Employer (the "Claims") and has filed Charges of Discrimination against Employer with the Equal Employment Opportunity Commission, charge numbers 540-2025-06115 and 540-2025-06865 (collectively, the "Charge");

WHEREAS, Employer has filed a Bankruptcy Action under Chapter 11 of the United States Bankruptcy Code under Case No. 25-43341-elm11 (the "Bankruptcy Case"), which is currently pending, together with Chapter 11 cases of affiliated entities, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") and jointly administered under Case No. 25-43339-elm11 styled *In re Abuelo's International, L.P., et al*.

WHEREAS, Employer expressly denies that it is liable to Hunter on any basis or that it has engaged in any improper or unlawful conduct or wrongdoing with respect to Hunter's employment; and

WHEREAS, Hunter and Employer now desire to reach a complete and final settlement of any and all disputes that exist, may have existed, or that may exist between them, either known or unknown; and

NOW, THEREFORE, in consideration of the mutual promises and valuable consideration described below, the Parties agree as follows:

1.    **Incorporation of Recitals**: The recitals set forth above are hereby incorporated into and made part of this Agreement.

2.    **Definitions**: As used in this Agreement, these words shall have the following meanings:

        a.    RELEASEES means Employer, its owners, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, and parents, organizations, divisions, subsidiaries, and affiliates (and agents, directors, officers, employees, representatives, and attorneys of such divisions, subsidiaries, and affiliates), and all persons acting by, through, under, or in concert with any of them, including any officers, directors, shareholders, employees, landlords, and agents of same.

b.   CLAIM or CLAIMS means any and all complaints, pending charges, lawsuits, claims, liabilities, obligations, promises, agreements, grievances, controversies, damages, actions, causes of action, rights, demands, losses, debts, and expenses (including court costs and attorney's fees actually incurred), against Releasees, including but not limited to arising out of Hunter's employment with and separation from Employer.

3.   **Allowed Claim**: Hunter shall be allowed a general unsecured claim in the Bankruptcy Case in the total sum of twenty-five thousand dollars and zero cents ($25,000.00) (the "Allowed Claim"). Any distribution made by Employer on account of the Allowed Claim shall be based upon the following allocations:

a.   Six-thousand two-hundred fifty dollars and zero cents ($6,250.00) to be paid to Kim Hunter as wages subject to applicable federal, state, and local withholding. A Form W-2 shall issue related to this payment;

b.   Eight-thousand seven-hundred fifty dollars and zero cents ($8,750.00) which shall be paid to Kim Hunter as non-wage income for emotional distress damages. A Form 1099 shall issue related to this payment.

c.   Ten thousand dollars and zero cents ($10,000.00) which shall be paid to Jaburg Wilk Law Firm. A Form 1099 shall issue related to this payment.

Kim Hunter may, but shall not be required to, file a proof of claim in the Bankruptcy Case in order to participate in a distribution to holders of allowed general unsecured claims in the Bankruptcy Case.

Any distribution on account of the Allowed Claim is contingent on receipt of a completed and executed IRS Form W-4 and completed and executed IRS Form W-9 for Hunter, and a complete and executed Form W-9 for Jaburg Wilk Law Firm.

4.   **Understanding of Tax Implications**: Hunter understands and agrees that any and all additional tax liability that may be due or become due because of a distribution on account of the Allowed Claim or in connection with the allocation of alleged damages as described herein is her sole responsibility, and that Hunter will pay any such tax liability, together with any interest or penalties assessed thereon, that Hunter and/or RELEASEES may be assessed by the U.S. Internal Revenue Service, or any state or local taxing authority or governmental agency, that may be due or become due as a result of a distribution on account of the Allowed Claim or settlement allocation. Hunter agrees to bear all additional tax consequences, if any, attendant upon a distribution on account of the Allowed Claim.

Hunter further agrees to indemnify and hold RELEASEES harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to a distribution on account of the Allowed Claim or settlement allocation described herein.

5. **Fees and Costs**: Each party shall bear all of the fees, costs and expenses incurred by her or its own attorneys or advisors in connection with Hunter's employment with and separation from Employer, the CLAIMS, this Agreement, and the settlement it represents, except as provided in paragraph 3.

6. **Release**: In consideration of the mutual agreements and covenants set forth herein, the sufficiency of which is hereby acknowledged, and as further material inducement for RELEASEES to enter into this Agreement, Hunter does hereby irrevocably and unconditionally release, discharge, compromise and settle any and all CLAIMS, demands, rights of action or obligation (including all attorneys' fees and costs actually incurred), matured or unmatured, of whatever nature and whether or not presently known that exist as of the execution date of this Agreement against Releasees, and any other CLAIMS, matured or unmatured, of whatever nature and whether or not presently known as of the execution date of this Agreement and any other CLAIMS arising from Hunter's employment with and/or separation from Employer, under any federal, state, or local law against Releasees.

Hunter further represents that except as otherwise specified in this Agreement, she has never commenced or filed and agrees not to commence, file, voluntarily aid or in any way prosecute or cause to be commenced or prosecuted against the RELEASEES any action, charge, complaint or other proceeding, subject to the limitations of this Paragraph.

In the event Hunter files any civil complaint or commences any litigation of any kind that is covered by the release in this Agreement, Hunter shall immediately tender back all consideration received under this Agreement and pay all of the attorneys' fees, expenses and costs incurred by the RELEASEES in connection with the complaint or action filed. If Hunter files any civil complaint or commences any litigation without tendering back all consideration received under this Agreement, the RELEASEES shall have the right of set-off against any obligation to Hunter under this Agreement in such amount. In addition to the remedies noted above, the RELEASEES may pursue all other remedies available under law or equity to address Hunter's breach of this Agreement.

Within seven (7) days following entry of an order of the Bankruptcy Court approving this Agreement, Hunter shall file a notice of withdrawal of the Charge (including both Charge numbers listed above) using EEOC Form 154 with the Equal Employment Opportunity Commission, requesting withdrawal of the Charge and shall provide a copy of the executed notice to counsel for Employer with this executed agreement.

7. **Compromise of Disputed Claims and no Admission of Liability**: Hunter acknowledges and agrees that this Agreement is a compromise of a disputed CLAIM, and any actions taken in connection with it do not constitute, and should not be understood as constituting, an acknowledgment, evidence, or an admission of any liability or violation of any law or statute, the common law, or any agreement which exists or which allegedly may exist by and between Hunter and RELEASEES. RELEASEES deny and disclaim any liability to Hunter and by entering into this Agreement intend merely to avoid further litigation. Except as necessary to enforce the terms of this Agreement, neither this Agreement nor any of its terms, or related orders or findings shall be offered or received as evidence or otherwise in any action or proceeding to establish any liability, admission, fact or otherwise on the part of or against any Party to this Agreement.

8.      **Confidentiality**: Hunter agrees that the existence and terms of this Agreement, as well as all discussions concerning it, are confidential. Accordingly, she shall not disclose the Agreement's existence or its terms or any related discussions to any other person or entity, except that she may disclose the amount to her attorney, spouse, financial advisor and as otherwise required and compelled by law. She shall instruct those individuals that the information is confidential and shall not be disclosed to any other person or entity. If anyone asks Hunter about the status or resolution of her differences with Employer, she shall respond solely by stating that the matter has been resolved. Hunter represents that she has not, to date, disclosed to any person, other than her attorney, the contents of any terms in this Agreement or any of the settlement discussions. Notwithstanding the foregoing, nothing in this Agreement shall restrict either party from disclosing the terms of this Agreement to the extent necessary to gain approval for this Agreement by the Bankruptcy Court.

Hunter acknowledges and agrees that a breach of the Confidentiality provision set forth herein will subject RELEASEES to irreparable and substantial harm, and that actual damages for such harm would be difficult to ascertain. Therefore, Hunter agrees that the liquidated damages as set forth below are reasonable under the facts and circumstances available at the time of executing this Agreement and are not to be construed as a penalty or punitive in nature. Should a court of competent jurisdiction determine that Hunter breached the Confidentiality provision in this Agreement, Hunter agrees to pay RELEASEES as liquidated damages the amount five thousand dollars and zero cents ($5,000.00) for any such breach.

9.      **Future Employment**: Hunter agrees not to apply for and renounces and forever waives any and all reinstatement or employment, whether temporary or permanent, part-time or full time, in any capacity whatsoever, with Employer at any of its current or future facilities or with any entity or organization which is or in the future becomes related to Employer.

10.      **Non-Disparagement**: Hunter agrees not to make any statements or remarks which are disparaging toward, or are reasonably likely to cause harm to Employer, or its owners, directors, officers, or employees. Any alleged breach of this section must be determined by a Court of competent jurisdiction or through any form of alternative dispute resolution agreed to by the parties.

11.      **False Claims**: Hunter affirms that she has no information concerning any conduct involving Employer, including any RELEASEES, that she has any reason to believe may be unlawful or that involved any false claims to the United States. Hunter and the RELEASEES understand and agree that nothing in this Agreement prevents Hunter from cooperating with any U.S. government investigation. In addition, to the fullest extent permitted by law, Hunter hereby irrevocably assigns to the U.S. government any right she might have to any proceeds or awards in connection with any false claims proceedings against RELEASEES.

12.      **Workplace Claims**: In addition to Hunter's other representations in this Agreement, Hunter made the following representations to Employer, on which she acknowledges it also relied in entering into this Agreement: (a) Hunter did not suffer any known job-related wrongs or injuries for which she might receive a workers' compensation award in the future; (b) Hunter agrees she was properly paid for all hours worked, that all other wages or compensation due to her was paid, and that she was provided all leaves of absence to which she was entitled.

Page 4 of 8

13.     **Medicare**: Hunter hereby warrants and represents that she is not, nor has she ever been, enrolled in Medicare Part A, Part B, or Part C. Further, Hunter warrants and represents that she has never applied for Social Security Disability benefits nor is she appealing or re-filing for Social Security Disability benefits.

Based upon a review of the relevant facts and circumstances, Hunter advised and warranted to RELEASEES that Medicare did not pay any of Hunter's medical expenses, that Hunter was not and is not now eligible for Medicare benefits, and that Hunter does not intend to apply for SSDI or Medicare benefits within thirty (30) months of this Agreement. It is not anticipated or foreseeable that Hunter will become eligible for Medicare in the near future. Therefore, no funds are being set aside for Hunter's future Medicare-covered treatment.

Hunter agrees to hold harmless, indemnify, and defend all RELEASEES, and their attorneys from any claim or cause of action, including but not limited to, an action by Centers for Medicare & Medicaid Services ("CMS") to recover or recoup Medicare benefits or loss of Medicare benefits, including past, present, and future and/or conditional payments, regardless of whether the claim or cause of action has merit. Hunter shall be responsible for and hold all RELEASEES harmless from any claim for conditional payments made by Medicare, including past, present and future. This indemnification obligation includes all damages and costs incurred by RELEASEES, and/or their attorneys and/or insurer(s), including but not limited to attorneys' fees incurred by or on behalf of RELEASEES, and/or their attorneys and/or insurer(s), fines and penalties, multipliers, costs, interest, expenses and judgments.

In consideration of the payments set forth in the Agreement, Hunter waives, releases, and forever discharges RELEASEES from any obligations for any claim, known or unknown, arising out of the failure of RELEASEES to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. §1395y(b)(3)(A).

14.     **Binding Effect**: This Agreement is binding upon Hunter and her heirs, administrators, representatives, executors, and assigns and shall inure to the benefit of RELEASEES and to its heirs, administrators, representatives, executors, successors, and assigns.

15.     **Entire Agreement**: This Agreement sets forth the entire agreement by and between Hunter and RELEASEES, and supersedes any and all prior agreements and understandings, whether written or oral, between them. This Agreement shall not be modified except by written agreement duly executed by or on behalf of each of the parties hereto.

16.     **Waiver**: The failure of any party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

17.     **Severability**: If any portion of this Agreement shall be determined by any court of competent jurisdiction to be invalid, illegal, or otherwise unenforceable, and such determination becomes final, the remaining provisions of the Agreement shall be enforced so as to give effect to the intentions of the parties insofar as possible.

18.    **Applicable Law**: This Agreement shall be construed in accordance with the laws of the State of Texas.

19.    **Knowing and Voluntary Acknowledgment**. Hunter specifically agrees and acknowledges that:

   a.   Hunter has read this Agreement in its entirety and understands all of its terms;

   b.   Hunter has been advised to consult with an attorney before executing this Agreement and has consulted with such counsel as Hunter believed was necessary before signing this Agreement;

   c.   Hunter knowingly, freely, and voluntarily assents to all of this Agreement's terms and conditions including, without limitation, the waiver, release, and covenants contained in it;

   d.   Hunter is signing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Hunter is otherwise entitled;

   e.   Hunter is not waiving or releasing rights or claims that may arise after Hunter signs this Agreement; and

   f.   Hunter understands that the waiver and release in this Agreement is being requested in connection with Hunter's separation of employment from Employer.

Hunter further acknowledges that Hunter is waiving and releasing claims under the Age Discrimination in Employment Act (ADEA), as amended, and Older Workers Benefits Protection Act (OWBPA) and has had twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of Hunter's choice, although Hunter may sign it sooner if desired. Further, Hunter acknowledges that Hunter shall have an additional seven (7) days from signing this Agreement to revoke consent to Hunter's release of claims under the ADEA and OWBPA by delivering notice of revocation to **Kasey Whitten at Employer by email to kaseyw@food-concepts.com before the end of the seven-day period**. In the event of a revocation by Hunter, the Company shall have the option of treating this Agreement as null and void in its entirety.

20.    **Bankruptcy Court Approval**: This Agreement is subject to Bankruptcy Court approval. This Agreement shall not become effective until the date this Agreement is approved by an order entered by the Bankruptcy Court. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be null and void ab initio and of no further force or effect whatsoever. In such circumstances, neither the fact of the Parties' negotiation of, nor their entry into this Agreement, nor any of the Parties' statements made in connection therewith, shall be utilized by any Party in connection with any court proceeding related to the CLAIMS, offered or admitted into evidence at any trial or hearing, disclosed to persons other than the Parties, or used in any other fashion except as may be permitted or required by applicable law or court orders. This

Agreement may not be changed, modified, amended or contradicted except in a writing signed by all Parties to the Agreement and approved by a final and no longer appealable order of the Bankruptcy Court.

**Hunter represents, acknowledges and agrees that (i) she fully understands and accepts the terms of this Agreement, (ii) her signature is freely, voluntarily and knowingly given, (iii) she has been provided a full opportunity to review and reflect on the terms of this Agreement, (iv) she was advised to seek the advice of legal counsel of her choice, (v) she had ample time in which to consider and understand this Agreement and in which to review this Agreement with an attorney and other advisors of her choice, and (vi) the Allowed Claim is Hunter's exclusive remedy for her separation from Employer and that Employer has no further obligations to her.**

[SIGNATURE PAGE FOLLOWS]

**KIM HUNTER**

*Kim Hunter*

_____

Kim Hunter

Date: _____02/16/2026_____, 2025.


**FOOD CONCEPTS INTERNATIONAL, L.P.**

_____

Food Concepts International, L.P.

By: _____Robert Lin_____

Title: _____Vice President_____

Date: _____2/16/2026_____, 2025.


**ABUELO'S INTERNATIONAL, L.P.**

_____

Abuelo's International, L.P.

By: _____Robert Lin_____

Title: _____Vice President_____

Date: _____2/16/2026_____, 2025.


Page **8** of **8**

**ก Progress** | RightSignature

## SIGNATURE CERTIFICATE

**REFERENCE NUMBER**
ADFD9AAE-DE59-4F94-B519-2CE57A3EDCE4

### TRANSACTION DETAILS

**Reference Number**
ADFD9AAE-DE59-4F94-B519-2CE57A3EDCE4

**Transaction Type**
Signature Request

**Sent At**
02/13/2026 05:17:15 PM PST

**Executed At**
02/16/2026 10:02:21 AM PST

**Identity Method**
email

**Distribution Method**
email

**Signed Checksum**
c41f8a691583dcde593b790128990453d171628746a0b741dc0fecf7f4aed45d

**Signer Sequencing**
Disabled

**Document Passcode**
Disabled

### DOCUMENT DETAILS

**Document Name**
Kim Hunter - Confidential Settlement and Release Agreement

**Filename**
Kim_Hunter_-_Confidential_Settlement_and_Release_Agreement.pdf

**Pages**
8 pages

**Content Type**
application/pdf

**File Size**
75.9 KB

**Original Checksum**
a10a97d049d840bb5fceb334aeb9a9fbb14ff50227f65916831ecdb21771bbc3

## SIGNERS

**SIGNER**

**Name**
Kim Hunter

**Email**
kimfhunter70@gmail.com

**Components**
2

**E-SIGNATURE**

**Status**
signed

**Multi-factor Digital Fingerprint Checksum**
4f53cda18c2baa0c0354bb5f9a3ecbe5ed12ab4d8e1fba873c2f11161202b945

**IP Address**
63.225.197.16

**Device**
Safari via Mac

**Typed Signature**

*Kim Hunter*

**Signature Reference ID**
90EFAC87

**EVENTS**

**Viewed At**
02/16/2026 10:00:55 AM PST

**Identity Authenticated At**
02/16/2026 10:02:21 AM PST

**Signed At**
02/16/2026 10:02:21 AM PST

## AUDITS

| TIMESTAMP | AUDIT |
|---|---|
| 02/13/2026 05:17:15 PM PST | Joy Brown (jjb@jaburgwilk.com) created document 'Kim_Hunter_-_Confidential_Settlement_and_Release_Agreement.pdf' on Chrome via Windows from 68.227.46.74. |
| 02/13/2026 05:17:15 PM PST | Kim Hunter (kimfhunter70@gmail.com) was emailed a link to sign. |
| 02/16/2026 10:00:55 AM PST | Kim Hunter (kimfhunter70@gmail.com) viewed the document on Safari via Mac from 63.225.197.16. |
| 02/16/2026 10:02:21 AM PST | Kim Hunter (kimfhunter70@gmail.com) authenticated via email on Safari via Mac from 63.225.197.16. |
| 02/16/2026 10:02:21 AM PST | Kim Hunter (kimfhunter70@gmail.com) signed the document on Safari via Mac from 63.225.197.16. |

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P.,** *et al.,*[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT
WITH KIM HUNTER
[Refers to Docket No. ___]**

Came on for consideration the *Motion for Approval of Compromise and Settlement Agreement with Kim Hunter* [Docket No. ___] (the "<u>Motion</u>") filed by Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in in the above-reference chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

cases (collectively, the "Debtors"). The Court is advised no objections have been filed in opposition to the Motion.

The Court finds jurisdiction over the subject matter and parties, notice of the Motion was adequate under the circumstances and the relief requested is in order and should be approved; it is therefore

**ORDERED, ADJUDGED AND DECREED** that the Motion of the Debtors is hereby granted; it is further

**ORDERED, ADJUGED AND DECREED** that the Compromise and Settlement Agreement between the Debtors and Kim Hunter is hereby approved; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors be and the same is hereby authorized to execute such documents and take such actions as are necessary and appropriate to carry out the purposes and intent of this Order.

### End of Order ###

Prepared by:

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com
and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION