Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P.,** *et al.,*[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**MOTION TO ASSUME UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY**

**A HEARING ON THE MOTION IS SET FOR MARCH 31, 2026, AT 9:30 A.M. [PREVAILING TIME], WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO SUCH MOTION WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**501 W. TENTH STREET, FORT WORTH, TEXAS 76102 ON OR BEFORE MARCH 27, 2026.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COME NOW Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in the above-reference chapter 11 cases (collectively, the "Debtors") and file this *Motion to Assume Unexpired Leases of Nonresidential Real Property* (the "Motion") and in support thereof would respectfully show the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Matters concerning assumption or rejection of unexpired leases or executory contracts are governed by 11 U.S.C. § 365 and Rule 9014 of the Federal Rules of Bankruptcy.

### Bankruptcy

2. On September 2, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The bankruptcy cases of the Debtors are jointly administered pursuant to this

Court's *Order Regarding Filing of Pleadings and Directing the Joint Administration of Cases*
[Docket No. 46] entered September 5, 2025.

3.       No request for the appointment of a trustee or examiner has been made in these
chapter 11 cases, and no committees have been appointed or designated.

## Background

4.       The Debtors own and operate a chain of full-service, casual dining Mexican
restaurants serving made-from-scratch Mexican food.  The Debtors' first restaurant opened in 1989,
and as of the Petition date they operated a total of 16 restaurants located in 7 states throughout the
nation. The Debtors' operations have been impacted by a significant drop in sales, rising food and
labor costs, continued staffing challenges, and changes in consumer preferences.

### A.  The Peoria Lease

5.       On or about June 19, 2000, Food Concepts International, Inc., now Food Concepts
International, L.P., ("FCI") entered into a Ground Lease Agreement (the "Peoria Lease") with
Arrowhead Fountains Center, LLC, an Arizona limited liability company, whose successor in
interest is GRNOBL, LC, a Utah limited liability company ("GRNOBL"), concerning the premises
located at 16092 N. Arrowhead Fountains Center Dr., Peoria, Arizona 85382, consisting of
approximately 16,822 square feet (the "Peoria Property"), for a term of sixteen (16) years.

6.       Pursuant to the Peoria Lease, FCI had the option to extend the lease for four (4)
additional terms of five (5) years each. During 2016, FCI exercised its option to renew the Peoria
Lease for an additional five (5) years. On or about May 17, 2021, FCI exercised its option to renew
the lease for an additional five (5) years.

### B.  The Wichita Lease

7.       On or about July 18, 2014, FCI entered into a Lease Agreement (the "Wichita
Lease") with Freddy's Land, LLC, a Kansas limited liability company ("Freddy's Land"), located

within that certain retail shopping center commonly known as Ridge 400 located in the City of Wichita, County of Sedgwick, Kansas, consisting of 7722 square feet (the "Wichita Property") for a term of fifteen (15) years. Pursuant to the Wichita Lease, FCI had the option to extend the lease for three (3) additional renewal terms of five (5) years each.

C.  The Tyler Lease

8.  On or about September 4, 2013, FCI entered into a Lease Agreement (the "Tyler Lease") with Tyler Broadway/Centennial LP, a Texas limited partnership ("Tyler Broadway"), concerning the premises located at 8926 S. Broadway Avenue, Suite 192, Tyler, Texas, 75703, consisting of 6,800 square feet (the "Tyler Property"), for a term of ten (10) years. Pursuant to the Tyler Lease, FCI had the option to extend the Lease for two (2) consecutive renewal terms of five (5) years each.

9.  On or about December 1, 2015, FCI and Tyler Broadway executed a First Amendment to the Tyler Lease and amended the square footage of the Tyler Property to 7,617 square feet. On or about March 17, 2025, FCI exercised its option to renew the Tyler Lease for an additional five (5) years.

10.  The Peoria Lease, the Wichita Lease, and the Tyler Lease will collectively be referred to as the "Leases."

11.  The Debtors assert that the cure amount is zero for each of the Leases.

**Procedural History**

12.  On the Petition Date, the Debtors filed an emergency motion to reject six leases for nonresidential real estate for restaurants where the Debtors had ceased operations and vacated the premises prior to the Petition Date.  *See* Dkt. No. 7. On September 25, 2025, the Court entered its *Order Granting Debtors' Emergency Motion to Reject Leases of Nonresidential Real Property* [Dkt. No. 115] authorizing the Debtors to reject the six leases identified in its emergency motion.

13. On September 10, 2025, the Debtors filed the *Emergency Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Dkt. No. 80]. The Court later entered an *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Dkt. No. 108].

14. The Debtors' reorganization efforts have included, among other things, working with landlords, on a consensual or non-consensual basis, to modify, assume, assume and assign, or reject the leases. Since the Petition Date, the Debtors closed an additional three stores and rejected the leases associated with those stores. *See* Dkt. Nos. 113, 139, 169, 18, 197, 200, 201.

15. On December 4, 2025, Debtors filed the *Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property* [Dkt. No. 206] (the "Extension Motion") pursuant to which the Debtors sought an extension of the deadline to assume or reject the leases through and including March 31, 2026. This Court granted the Extension Motion on December 30, 2025, pursuant to the *Order Granting Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property* [Dkt. No. 215] (the "Extension Order").

16. Contemporaneously with this Motion, the Debtors filed the *Second Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property* (the "Second Extension Motion") pursuant to which the Debtors seek an extension of the deadline to assume or reject other remaining leases until the earlier of (a) the date of entry of an order confirming a plan of reorganization or (b) June 29, 2026.

17.

**Relief Requested**

18.     The Debtors request that the Court enter an Order: (a) assuming the Leases effective as of March 31, 2026; (b) setting the cure amount as zero for each of the Leases; and (c) directing that the Order shall become effective immediately upon entry.

19.     Title 11 of the United Stated Code (the "Bankruptcy Code") allows a trustee to assume or reject any executory contract or unexpired lease with the bankruptcy court's approval. *See* 11 U.S.C. § 365.

20.     The Fifth Circuit has stated that "the question whether a lease [or an executory contract] should be rejected . . . is one of business judgment**.**" *Richmond Leasing v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943)). The business judgment test is not a strict standard but merely requires a showing that assumption or rejection of a contract will benefit a debtor's estate. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) *aff'd* 465 U.S. 513 (1984). Thus, unless a Debtor's business judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code, a Debtor's decision to reject a contract should be approved if it appears such decision will enhance the bankruptcy estate. *Richmond Leasing*, 762 F.2d at 1309.

21.     In the business judgment of the Debtors, assumption of the Leases is in the best interest of the Debtors' estate and creditors thereof.

22.     Good cause exists to grant this Motion and approve the Debtors' proposed assumption of the Leases effective as of March 31, 2026.

23.     The Debtors' proposed form of Order granting the relief sought in this Motion is attached hereto and incorporated herein as **Exhibit A**.

**WHEREFORE, PREMISES CONSIDERED**, the Debtors respectfully request that the Court enter an Order: (a) assuming the Leases effective as of March 31, 2026; (b) setting the cure amount as zero for each of the Leases; and (c) directing that the Order shall become effective immediately upon entry; and (d) granting such other and further relief, at law or in equity, to which the Trustee may be shown justly entitled.

Dated this the 6th day of March 2026.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

By: */s/ Joseph F. Postnikoff*
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnikoff@romclaw.com
        Emily M. Campbell
        State Bar No. 24143596
        Email: ecampbell@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of March 2026, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF, via email on the following parties and first class postage paid United States mail on the attached service list.

Tyler Broadway/Centennial LP
c/o Kendal B. Reed
Condon Tobin Sladek Sparks Nerenberg PLLC
8080 Park Lane Suite 700
Dallas, TX 75231
kreed@condontobin.com

Grnobl, LC
181 South 750 West North
Salt Lake City UT 85054
ajgreen@grnobl.com

Freddy's Land LLC
260 N Rock Rd, Suite 200
Wichita KS 67206
ScottR@freddysusa.com

   /s/ Emily M. Campbell
Emily M. Campbell

---

**In re Abuelo's International, L.P., et al., Debtors in Possession**
**Motion to Assume Unexpired Leases of Nonresidential Real Property – Page 8**

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P.,** *et al.,*[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**ORDER GRANTING MOTION TO ASSUME
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
[Refers to Docket No. ___]**

On this day, came on for consideration the *Motion to Assume Unexpired Leases of Nonresidential Real Property* (the "Motion") [Dkt. No.___] filed by Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in the above-reference chapter 11 cases (collectively, the "Debtors").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

Food Concepts International, L.P ("FCI"), Debtor in the above-styled and numbered jointly administered chapter 11 bankruptcy case is a party to three leases of nonresidential real property (the "Leases"):

- The Debtors' restaurant located at 16092 N. Arrowhead Fountains Center Dr., Peoria, Arizona leased from GRNOBL, LC ("Peoria Lease").

- The Debtors' restaurant located within that certain retail shopping center commonly known as Ridge 400 located in the Wichita, County of Sedgwick, Kansas, leased from Freddy's Land, LLC (the "Wichita Lease").

- The Debtors' restaurant located at 8926 S. Broadway Avenue, Suite 192, Tyler, Texas, 75703 leased from Tyler Broadway/Centennial LP (the "Tyler Lease").

In the Motion, the Debtors seek entry of an Order (a) assuming the Leases effective as of March 31, 2026; (b) setting the cure amount as zero for each of the Leases; and (c) directing that the Order shall become effective immediately upon entry.

The Court, having determined that proper notice was given and that no objections have been filed, is of the opinion that the Motion is in the best interests of the estate and should be approved. It is therefore:

**ORDERED** that the Motion of the Debtors is granted; it is further

**ORDERED** that the Leases are assumed effective March 31, 2026; it is further

**ORDERED** that the cure amount for each of the Leases is zero; and it is further

**ORDERED** that this Order is effective immediately upon entry.

### End of Order ###

Order submitted by:

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

COUNSEL FOR DEBTOR
IN POSSESSION