Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
211 North Pennsylvania Street, Suite 1330
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.580.2530
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, LP, *et al.*,**[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Joint Administration Requested** |

**DECLARATION OF JOHN DORRINGTON, PRESIDENT AND CEO OF
ABUELO'S INTERNATIONAL, L.P., IN SUPPORT OF (I) DEBTORS' MOTION TO
ASSUME UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; AND (II)
SECOND MOTION PURSUANT TO 11 U.S.C.§ 365(d)(4) FOR THE EXTENSION OF
TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT LEASES OF
NONRESIDENTIAL REAL PROPERTY
[Refers to Docket Nos. 222 & 223]**

I, John Dorrington, state and declare as follows[2]:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

[2] All exhibits referenced in this Declaration are included in the Debtors' Witness and Exhibit List filed concurrent with this Declaration.

1.      I am over 18 years of age, of sound mind, and fully competent to make this Declaration.

2.      I am the President and CEO of Abuelo's International, L.P. ("Abuelo's") and have been employed by Food Concepts International, L.P. ("FCI") and/or Abuelo's (FCI and Abuelo's, collectively, the "Debtors") in various capacities since 1993. I am the authorized representative of the Debtors in these bankruptcy cases (the "Chapter 11 Cases").

3.      Based upon my personal knowledge of the Debtors and their business operations, ownership, history, industry, and book and records, and based upon information contained in the Debtors' books and records, I am qualified to make this Declaration on behalf of the Debtors. Some of the information contained herein is based upon my review of data regularly compiled by the Debtors in the ordinary course of its business.

4.      My responsibilities include directing overall operations, including monitoring and implementing actions to improve individual store profitability.

5.      One of the Debtors' largest expense categories is the cost of leasing restaurants. The Debtors' first restaurant opened in 1989, and as of the Petition Date, the Debtors were a party to 21 contracts that could be considered leases of non-residential property subject to section 365(d)(4) of the Bankruptcy Code.

6.      Since the Petition Date, the Debtors have undertaken a process to evaluate their leases and determine the profitability of each location. As a part of this process, the Debtors rejected lease agreements at the following restaurant locations: (1) Chandler, Arizona; (2) Katy, Texas; (3) Kissimmee, Florida; (4) League City, Texas; (5) The Colony, Texas; and (6) Tulsa, Oklahoma.

In re Abuelo's International, LP, *et al.*, Debtors in Possession
Declaration of John Dorrington in Support of (I) Motion to Assume Unexpired Leases of Nonresidential Real Property; and (II) Second Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property - Page 2 of 4

7.    The Debtors also closed an additional three restaurants located in The Colony, Texas; East Wichita, Kansas; and Tulsa, Oklahoma, and rejected the leases associated with those stores.

8.    As a part of the Debtors' ongoing process of evaluating their remaining leases, the Debtors seek to assume the leases located at: (1) 16092 N. Arrowhead Fountains Center Dr., Peoria, Arizona 85382 (the "Peoria Property"); (2) Ridge 400 located in the City of Wichita, County of Sedgwick, Kansas, (the "Wichita Property"); and (3) 8926 S. Broadway Avenue, Suite 192, Tyler, Texas, 75703 (the "Tyler Property") (collectively, the "Leases").

9.    In my business judgment, assumption of the Leases is in the best interests of the Debtors' estates because these locations are important to the Debtors' ongoing operations and are expected to contribute positively to revenue and cash flow.

10.    Specifically, the Wichita Property has positive sales and a positive guest count. The Debtors attribute the positive guest count, in part, due to the consolidation of operations following the closure of the Debtors' other restaurant in Wichita, Kansas.

11.    The Tyler Property consistently places in the top half of all Debtors' stores for financial performance. The Debtors believe that business operations at the Tyler Property will continue to have positive revenue and cash flow.

12.    Finally, the Peoria Property has stable cash flow and predicable volumes, and the costs associated with operations at this location are significantly lower than other locations that have closed during this case.

13.    In sum, the restaurants operating at all three Leases are profitable and essential to the Debtors' reorganization efforts.

In re Abuelo's International, LP, *et al.*, Debtors in Possession
Declaration of John Dorrington in Support of (I) Motion to Assume Unexpired Leases of Nonresidential Real Property; and  (II) Second Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property - Page 3 of 4

14.     The Debtors' decision to assume the Leases followed a review of store-level performance and forward-looking operational considerations, including historical sales trends, occupancy costs, local market conditions, staffing considerations, and the Debtors' ability to operate the locations efficiently.

15.     The Debtors have evaluated alternatives to assumption, including continued operation without assumption (to the extent permitted), renegotiation, or rejection. Based on that evaluation, the Debtors determined that assumption of the Leases is the most value-maximizing option for these locations.

16.     The Debtors have acted in good faith in determining to assume these Leases. Specifically, the Debtors sought reduce burdensome occupancy costs while also preserving profitable or strategically important locations.

17.     I understand that any exhibits referenced in this Declaration are included in the Debtors' witness and exhibit materials filed in connection with the *Motion to Assume Unexpired Leases of Nonresidential Real Property* and *Second Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property.*

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 30th day of March 2026.

_____
John Dorrington

In re Abuelo's International, LP, *et al.*, Debtors in Possession
Declaration of John Dorrington in Support of (I) Motion to Assume Unexpired Leases of Nonresidential Real Property; and (II) Second Motion Pursuant to 11 U.S.C. §365(d)(4) for the Extension of Time Period Within Which Debtor May Assume or Reject Leases of Nonresidential Real Property - Page 4 of 4