Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@romclaw.com
ROCHELLE MCCULLOUGH PLLC
300 Throckmorton Street, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
ROCHELLE MCCULLOUGH PLLC
300 N. Meridian St., Suite 1260
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P.,** *et al.,*[1] | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**FOURTH MOTION TO EXTEND THE EXCLUSIVE PERIOD DURING WHICH
DEBTORS MAY SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

**IMPORTANT NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION
UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE
UNITED STATES BANKRUPTCY COURT, ELDON B. MAHON U.S.
COURTHOUSE, 501 W. 10TH ST., RM. 147 FORT WORTH, TEXAS 76102-**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

**3643 WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF, WHICH DATE IS AUGUST 27, 2026.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE

COME NOW, Abuelo's International, L.P., and its debtor affiliates, as debtors and Debtors in Possession in the above-reference chapter 11 cases (collectively, the "Debtors") and file this *Fourth Motion to Extend the Exclusive Period During Which Debtors May Solicit Acceptances of a Chapter 11 Plan* (the "Motion"), and in support thereof would respectfully show this Court as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested in this Motion are sections 1121(d)(1) and 105(a) of the Bankruptcy Code and Rule 3016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**Bankruptcy and Background**

3.      On September 2, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. The bankruptcy cases of the Debtors are jointly administered pursuant to this Court's *Order Regarding Filing of Pleadings and Directing the Joint Administration of Cases* [Docket No. 46] entered September 5, 2025.

4. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

5. The Debtors own and operate a chain of full-service, casual dining Mexican restaurants serving made-from-scratch Mexican food. The Debtors' first restaurant opened in 1989, and as of the Petition date they operated a total of 16 restaurants located in 7 states throughout the nation. The Debtors' operations have been impacted by a significant drop in sales, rising food and labor costs, continued staffing challenges, and changes in consumer preferences.

6. As of the Petition Date, the Debtors were a party to approximately 21 contracts that could be considered leases of non-residential real property subject to section 365(d)(4) of the Bankruptcy Code.

7. The Debtors' reorganization efforts include, among other things, working with landlords, on a consensual or non-consensual basis, to modify, assume, assume and assign, or reject the leases.

8. On the Petition Date, the Debtors filed an emergency motion to reject six leases for nonresidential real estate for restaurants where the Debtors had ceased operations and vacated the premises prior to the Petition Date. *See* Dkt. No. 7. On September 25, 2025, the Court entered its *Order Granting Debtors' Emergency Motion to Reject Leases of Nonresidential Real Property* [Dkt. No. 115] authorizing the Debtors to reject the six leases identified in its emergency motion.

9. On December 4, 2025, the Debtors filed their *Motion to Extend the Exclusive Period During Which Debtors May File and Solicit Acceptances of a Chapter 11 Plan* ("First Exclusivity Motion") seeking to (1) extend the initial 120-day period after the petition date within

---

**In re Abuelo's International, L.P., et al., Debtors in Possession**
**Fourth Motion to Extend Exclusivity - Page 3**

which the Debtors had the exclusive right to file a chapter 11 plan until March 1, 2026 , and (2)

extend the initial 180- day period after the petition date within the Debtors had the exclusive right

to solicit and obtain acceptances of a plan until April 30 [Dkt. No. 207]. The Court subsequently

entered an Order granting the First Exclusivity Motion, and the Debtor's exclusivity period to file

a plan was extended until March 1, 2026, and the period to solicit and obtain acceptances of a plan

was extended until April 30, 2026 [Dkt. 214].

10.     On April 7, 2026, the Debtors filed a *Second Motion to Extend the Exclusive Period
During Which Debtors May Solicit Acceptances of a Chapter 11 Plan* ("Second Exclusivity
Motion") [Docket No. 242]. The Debtors sought additional time to solicit acceptances of the plan
as they continued negotiations with their senior secured lender. The Court subsequently entered
an Order granting the Second Exclusivity Motion, and the Debtor's exclusivity period to solicit
and obtain acceptances of a plan was extended through and including June 29, 2026 [Docket No.
260].

11.     On June 5, 2026, the Debtors filed a *Third Motion to Extend the Exclusive Period
During Which Debtors May Solicit Acceptances of a Chapter 11 Plan* ("Third Exclusivity
Motion"). The Debtors sought additional time to solicit acceptances of the plan to work on the
final terms of the agreement with their secured lender. The Court subsequently entered an Order
granting the Third Exclusivity Motion, and the Debtor's exclusivity period to solicit and obtain
acceptances of a plan was extended through and including August 28, 2026 [Docket No. 284].

12.     The Debtors recently filed their *Amended Joint Plan of Reorganization* ("Plan")
[Docket No. 290] and their *Disclosure Statement for the Amended Joint Plan of Reorganization
for the Debtors* ("Disclosure Statement") [Docket No. 291].

13.     A hearing is set on August 17, 2026 for this Court to consider approval of the

Disclosure Statement and set a deadline for the filing of objections to the approval of the disclosure

statement. [Docket No. 292].  The Debtors file this Motion out of an abundance of caution and to preserve their right to solicit confirmation of a chapter 11 plan free of a competing chapter 11 plan.

### Relief Requested

14. Section 1121(b) of the Code and Local Rule 3016-1, provides for an initial 120-day period after the petition date within which a debtor has the exclusive right to file a chapter 11 plan (the "Plan Period"). Section 1121(c) of the Bankruptcy Code further provides for an initial 180-day period after the petition date within which a debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the debtor during the Plan Period (the "Solicitation Period").

15. In this Motion, the Debtors request entry of an order: (a) extending the Solicitation Period through and including October 27, 2026; and (b) prohibiting any party, other than the Debtors, from filing a competing plan or soliciting acceptances of any such competing plan during the extended Solicitation Period. If granted, the extension of the Solicitation Period will be without prejudice to the right of the Debtors to seek further extensions of the Solicitation Period, or any party in interest to seek to reduce the Solicitation Period for cause.

### Basis for the Relief Requested

16. The foremost goal of a chapter 11 is to reorganize troubled businesses in a manner that, among other things, increases the pool of assets available for distribution to stakeholders. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984). To that end, Congress codified a number of interwoven provisions that reflect the ultimate goal of rehabilitation through a considered and consensual chapter 11 plan, including a debtor's exclusive right to a fair amount of time in which only it may propose a plan. *See In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (explaining that extensions of exclusivity periods further the purpose of chapter 11 by providing more time to negotiate a consensual plan "which would inure to the benefit of all."). At

times, extending exclusivity is the only reason that a debtor was able to bring all parties to the bargaining table to strike a balanced and successful chapter 11 plan.

**A.     The Court May Extend the Solicitation Period For "Cause."**

17.     Pursuant to Bankruptcy Code § 1121(d) and upon a party's timely request, the Court may extend both the Plan Period and Solicitation Period "for cause." *See* 11 U.S.C. § 1121(d)(1). Specifically, § 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." *Id*. Although the statute does not define the precise circumstances constituting "cause," the legislative history of § 1121(d) makes clear that the initial 120-day period in § 1121(b) is only a starting point and the Court is free to extend that period. *See* H.R. Rep. No. 95-595, at 231, 232 (1978) (noting that Congress intended to give bankruptcy courts flexibility to protect debtors' interests by allowing an opportunity to negotiate settlements of debtors without interference from other parties in interest); *In re Timbers of Inwood Forest Assoc., Ltd*., 808 F.2d 363, 372 (5th Cir. 1987) ("[A]ny bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind § 1121.").

18.     A decision to extend the Solicitation Period is committed to the sound discretion of the bankruptcy court and should be based on the unique facts and circumstances of each particular case. *See e.g., In re Mirant Corp*., Case No. 04-CV-476-A, 2004 WL 2250986, at * 2-3 (N.D. Tex. Sept. 30, 2004) ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.") (citations omitted)); *In re Borders Group, Inc*., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp*., 352 B.R. 578, 587 (Bankr. S.D.N.Y.

2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Friedman's, Inc*., 336 B.R. 884, 888 (Bankr. S.D. Ga 2005) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Hoffinger Indus., Inc*., 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (same); *In re Express One Int'l, Inc*., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).

19.     Although the Bankruptcy Code does not define "cause" for purposes of an extension under § 1121(d), courts have identified several key factors relevant to a determination of whether cause exists under § 1121(d) of the Bankruptcy Code, including the following: (a) the size and complexity of the case; (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists. *See, e.g. Adelphia Commc'ns*, 352 B.R. at 587; *see also Express One Int'l, Inc*. 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing *In re Washington-St. Tammany Electric Co-op*, 97 B.R. 852, 853 (E.D. La. 1989)); *see also In re Dow Corning Corp*., 208 B.R. 661, 661-65 (Bankr. E.D. Mich. 1997); *Official Comm. Of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp*.) 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (noting how the *Dow Corning/Adelphia* factors "are standardly considered" in the "cause" analysis).

20.     A debtor does not need to show any number of the nine factors above to show "cause." *Express One Int'l, Inc*., 194 B.R. at 100. Instead, courts examine all the factors together

in the context of a particular case. *See id.; see also In re Texas Extrusion Corp.*, 844 F.2d 1142, 1160 (5th Cir. 1988) (discussing "cause" as it relates to § 1121(d) and the reduction of a debtor's exclusivity time period); *In re Amko Plastics, Inc.*, 197 B.R. 74, 76-77 (Bankr. S.D. Ohio 1996) (notwithstanding that the case was not large and complex, court still granted a five-month exclusivity extension because debtor exhibited substantial turn-around efforts). Consideration of exclusivity should also involve "a broader, more global view -- focused on what is best for these chapter 11 cases . . . and what is most appropriate under the unique facts" of the case before the court. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 582 (Bankr S.D.N.Y. 2006) (discussing a motion to terminate exclusivity).

**B.      "Cause" Exists to Extend the Solicitation Period in This Chapter 11 Case.**

21.     Cause exists to grant the relief requested in this Motion. The Debtors have filed their Plan and Disclosure Statement, and a hearing for this Court to consider the approval of the Disclosure Statement is set for August 17, 2026. The Debtors file this Motion out of an abundance of caution and to preserve their right to solicit acceptances of the Plan free from the disruption or uncertainty of a competing chapter 11 plan. If another party files and solicits acceptances of a competing plan at this time, it would disrupt the Debtors' efforts to reorganize and further delay confirmation.

22.     This Motion represents the Debtors' fourth request for an extension of the Solicitation Period, and this request will not unfairly prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. The Debtors believe that the requested extensions are warranted and appropriate under the circumstances.

25.     A proposed form of Order granting the relief sought in this Motion is attached hereto and incorporated herein as **Exhibit A**.

---

**WHEREFORE, PREMISES CONSIDERED**, Abuelo's International, L.P., et al, Debtors in Possession herein, respectfully pray for entry of an Order (a) extending the Solicitation Period through and including October 27, 2026; (b) prohibiting any party, other than the Debtors, from filing a competing plan or soliciting acceptances of any such competing plan during the extended Solicitation Period; and (c) granting such other and further relief, at law or in equity, to which the Debtors may be shown justly entitled.

Dated this the 6th day of August 2026.

Respectfully submitted,

ROCHELLE MCCULLOUGH PLLC
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com


By: /s/ Joseph F. Postnikoff
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnikoff@romclaw.com
        Emily M. Campbell
        State Bar No. 24143596
        Email: ecampbell@romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
ROCHELLE MCCULLOUGH PLLC
300 N. Meridian St. Suite 1260
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

---

**In re Abuelo's International, L.P., et al., Debtors in Possession**
**Fourth Motion to Extend Exclusivity - Page 9**

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of August 2026, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail, postage prepaid, on the parties listed on the attached service list.

/s/ Joseph F. Postnikoff
Joseph F. Postnikoff

---

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ABUELO'S INTERNATIONAL, L.P., *et al.*,[1]** | § | **Case No. 25-43339-elm11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**ORDER GRANTING FOURTH MOTION TO EXTEND THE**
**EXCLUSIVE PERIOD DURING WHICH DEBTORS MAY SOLICIT**
**ACCEPTANCES OF A CHAPTER 11 PLAN**
**[Refers to Docket No. ____]**

CAME ON for consideration the *Fourth Motion to Extend the Exclusive Period During Which Debtors May Solicit Acceptances of a Chapter 11 Plan* [Docket No. ___] (the "Motion") filed by Abuelo's International, L.P., *et al.,* the Debtors in Possession in the above referenced bankruptcy proceeding (hereinafter "Debtors").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, include: Abuelo's International, LP (1108), Food Concepts International, L.P. (5079) and Food Concepts International Holdings, Inc. (2576).

The Court finds jurisdiction over the parties and the subject matter, that notice of the Motion has been adequate under the circumstances and that the relief sought in the Motion, for good cause shown, is in order and should be approved.  It is therefore,

**ORDERED, ADJUDGED AND DECREED** that the Motion is **GRANTED** as set forth herein; it is further

**ORDERED, ADJUDGED AND DECREED** that the Solicitation Period is extended from August 28, 2026 through and including October 27, 2026; it is further

**ORDERED, ADJUDGED AND DECREED** that any party, other than the Debtors, is prohibited from filing a competing plan or soliciting acceptances of any such competing plan during the extended Solicitation Period; it is further

**ORDERED, ADJUDGED AND DECREED** that the extension of the Solicitation Period is without prejudice to the right of (a) the Debtors to seek further extensions of the Solicitation Period, or (b) any party in interest to seek to reduce the Solicitation Period for cause; it is further

**ORDERED, ADJUDGED AND DECREED** that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

**ORDERED, ADJUDGED AND DECREED** that this Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation or enforcement of this Order.

### End of Order ###

Prepared by:

Joseph F. Postnikoff
State Bar No. 16168320
Email: jpostnikoff@romclaw.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@romclaw.com
ROCHELLE MCCULLOUGH PLLC
300 Throckmorton, Suite 520
Fort Worth, TX 76102
Telephone: 817.347.5261
Facsimile: 817.347.5269
http://www.romclaw.com

and

Curt Hochbein
IN Bar No.2984-29
Email: chochbein@romclaw.com
ROCHELLE MCCULLOUGH PLLC
300 N. Meridian St. Suite 1260
Indianapolis, IN 46204
Telephone: 317.608.1137
Facsimile: 888.467.5979
http://www.romclaw.com

and

J. Mark Chevallier
State Bar No. 04189170
Email: mchevallier@romclaw.com
Michael T. Pipkin
State Bar No. 24122988
Email: mpipkin@romclaw.com
ROCHELLE MCCULLOUGH PLLC
901 Main Street, Suite 3200
Dallas, TX 75202
Telephone: 214.953.0182
Facsimile: 888.467.5979
http://www.romclaw.com

COUNSEL FOR DEBTORS IN POSSESSION